# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

JON MILLS                                                                                          PLAINTIFF
ADC #86911

V.                                        NO: 2:09CV00045 SWW/HDY

MAURICE WILLIAMS *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #1), and an addendum (docket entry #2), on April 13, 2009. Plaintiff's complaint contained multiple, unrelated incidents, and contained few specifics regarding how the Defendants were involved in the alleged violations. At that time, the Court noted that Plaintiff could not defeat the filing fee requirements set forth in the Prison Litigation Reform Act, 28 U.S.C. § 1915, by joining in one lawsuit a multitude of unrelated and legally distinct claims involving different Defendants, time periods, and units. Accordingly, Plaintiff was ordered to submit an amended complaint which set forth the claim he wished to pursue in this lawsuit, and was further ordered to provide specifics as to how each Defendant was involved in the alleged violations (docket entry #8). Plaintiff was warned that his failure to comply with the order would result in the recommended dismissal of his complaint. On July 9, 2009, Plaintiff filed an amended complaint (docket entry #10).

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

**II. Analysis**

Although Plaintiff has filed an amended complaint, he has wholly failed to comply with the Court's order to identify the distinct claim he wishes to pursue in this lawsuit. Plaintiff's amended complaint still includes retaliation, due process violations, physical and mental abuse, violations of the Americans With Disabilities Act, improper medical assignment, racial discrimination, inadequate nutrition, and substandard medical care. Additionally, Plaintiff's complaint appears to challenge his

very incarceration, and also alleges that Correctional Medical Services, Inc., is in violation of its contract with the ADC.  Because Plaintiff has failed to identify the distinct claim he would like to pursue in this lawsuit, his complaint should be dismissed for failure to comply with the Court's order.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's order.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this   15   day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE